WILLIAM C. SCUDDER

*v.*

JACOB M. HARDEN and others.

Where a building contract was duly filed, and, after the building was completed, the premises were *bona fide* conveyed by the owner to the contractor,—*Held*, that a materialman has no lien on the premises for materials furnished in erecting a building thereon, and that a judgment recovered on such claim gives no greater right.

Bill to foreclose. On final hearing. Submitted on written statement of counsel in briefs.

*Mr. S. H. Grey,* for complainant.

*Mr. C. V. D. Joline,* for defendant Coles.

THE CHANCELLOR.

The building on the mortgaged premises was erected, under written contract duly filed, by the defendant Jacob M. Harden for Joseph J. Read, the owner. After it was

33

finished the property was *bona fide* sold and conveyed by Read to Harden. Some months after that transaction Harden *bona fide* mortgaged the property to the complainant. Subsequently to the giving of the mortgage, the defendant Coles, who furnished materials to Harden for the building, filed a lien claim, under the mechanics lien law, against Harden and the property, and recovered a special and general judgment thereon. He insists that his judgment is entitled to priority over the complainant's mortgage.

The second section of the mechanics' lien law provides that when any building shall be erected in whole or in part by contract in writing, such building, and the land whereon it stands, shall be liable to the contractor alone, for work done and materials furnished in pursuance of such contract; provided such contract, or a duplicate thereof, be filed in the office of the clerk of the county in which such building is situated, before the doing of the work or the furnishing of the materials. The contract in this case was, as before stated, in writing, and was duly filed in the clerk's office. The materials for which the lien was filed were furnished after the filing of the contract. The conveyance to the contractor extinguished the lien. The property was liable to him alone. The materialman had no right to a lien. When the complainant took his mortgage there was no liability to lien for either the work or materials. Coles, the lien claimant, had no claim of lien before the conveyance to Harden, and the fact of that conveyance gave him none. The lien given by the mechanics lien law is entirely the creature of the statute. It will not be extended by construction to a case which is not fairly within the terms of the act. *Phillips on Mech. Liens* § 9.

In *Ayres* v. *Revere, 1 Dutch. 474,* it was said by the supreme court that the statute is not of that purely remedial character which calls for a peculiarly liberal construction.

The complainant's mortgage is entitled to priority over Coles's judgment.